NETTIE E. DAVIS, ADMINISTRATRIX, v. A. E. HOUGH-
TELLIN.

[FILED DECEMBER 18, 1891.]

Negligence: A MASTER IS LIABLE to third persons for damages
resulting from the negligence of his servants only when the lat-
ter is acting within the scope of his employment.

ERROR to the district court for Jefferson county.    Tried
below before MORRIS, J.

*John Saxon,* for plaintiff in error.

*W. O. Hambel,* and *Marquett, Deweese & Hall, contra,*
cited cases referred to in opinion.

NORVAL, J.

This is a proceeding in error to reverse the judgment of
the district court of Jefferson county, sustaining a general
demurrer to the petition of the plaintiff, and dismissing the
action.    The petition alleges:

"First—That she is administratrix of the estate of
Daniel C. Davis, deceased, duly appointed according to
law.

"Second—That the defendants are partners in trade,
doing business as such at Fairbury, in said county, under
the firm name and style of Houghtellin & McDowell.

" Third—That on or about the 28th day of March, A. D. 1888, said defendants were in the possession of certain premises at Fairbury, in said county, whereon they were engaged in the business of feeding cattle and hogs, and had, upon said premises, a quantity of feed and provender for said cattle and hogs. And plaintiff says defendants also kept and employed, in and about their said business, a certain servant and agent, one Allen Ireland by name, for the purpose of guarding said feed, and whose business it was, in the due course of his employment by said defendants, to seize and detain persons who might be found disturbing such feed so provided by defendants.

" Fourth—That on said day the said Daniel C. Davis, then in full health and life, had occasion to go and be upon said premises of said defendants, and she says that while so there the said defendants, by their servant and agent, Ireland, who was then and there present, and acting for said defendants in the due course of his employment as aforesaid, and pursuant to his instructions and orders, attempted to seize and detain, without any lawful process or warrant, the said Daniel C. Davis, deceased. And plaintiff avers that said defendants and their said servant so negligently, carelessly, and unlawfully managed their said business and attempt that the said Daniel C. Davis was then and there shot through his heart with a bullet from a pistol then and there negligently, carelessly, and unlawfully had and held in the hands of defendants' said servant, said Ireland, and Daniel C. Davis was then and thereby instantly killed.

"5th. Plaintiff avers that the death of said Daniel C. Davis, as aforesaid, was caused by the wrongful and unlawful act, neglect, and default of said defendants, and without any just or sufficient cause, provocation, or fault on the part of the said decedent. That they, said defendants, knowingly and intentionally employed said Ireland for the purpose of assaulting and attempting to detain, without

process or warrant, persons who might go upon their said premises as aforesaid; and that they well knew that their said servant, Ireland, was so armed with said pistol in their said employment, and was likely to so negligently, carelessly, and unlawfully use the same in and about their said business and employment, and that great personal injury and damage, or loss of life, was liable to ensue thereby and therefrom, yet they, said defendants, notwithstanding, did not nor would not prevent and forbid their said servant, but did carelessly, negligently, and unlawfully permit him in the premises, contrary to their duty in that case.

"6th. Plaintiff further states that said Daniel C. Davis, deceased, left surviving him his widow, this plaintiff, and the following named children, his next of kin and heirs, to-wit: Albert L. Davis, aged 17 years; Georgie Davis, aged 14 years; Mary Davis, aged 12 years; Ella Davis, aged 10 years; Stella Davis, aged 8 years, and Emory Davis, aged 2; all residents of the said county, and she says that they have sustained damages by reason of the wrongful act, neglect, and default of defendants, as aforesaid, in the sum of five thousand (5,000) dollars."

This is an action to recover damages for the killing of plaintiff's intestate by one Allen Ireland, who, it is alleged, was at the time in the defendants' employ. The general principle, that a master is liable for injuries to third persons resulting from the negligence of the servant while in the line of his employment, is familiar. It is equally well settled that a master is not responsible for the willful and tortious act of his servant committed outside of the scope of his employment. (*Miller v. B. & M. R. R. Co.*, 8 Neb., 219; *Fuller v. Voight*, 13 Ill., 277; *Oxford v. Peter*, 28 Id., 434; *Moir v. Hopkins*, 16 Id., 313; *De Camp v. M. M. R. R. Co.*, 12 Ia., 348; *Cook v. I. C. R. R. Co.* 30 Id., 202; *Cater v. Railway Co.*, 98 Ind., 552; *Gravel Road Co. v. Gause*, 76 Id., 142; *Mehan v. Morewood*, 52 Hun., 566; *Laffitte v. N. O. City & L. R. Co.*, 8 So. Rep.

[La.], 701; *Frash v. Freeman,* 43 N. Y., 566; Cooley on Torts, 533 *et seq.*)

The sufficiency of the petition therefore depends upon whether it charges that the act of killing Davis was done in the prosecution of the defendants' business and within the range of the servant's employment. The third paragraph of the petition charges that Allen Ireland was employed by the defendants to guard certain feed belonging to them upon their premises, and to seize and detain persons who might be found disturbing such feed. This is the only allegation of fact in the entire pleading relating to the nature and scope of Ireland's employment. As to the act of killing it is averred, in effect, that the deceased had occasion to be upon defendants' premises, and while so there said Ireland, in attempting to seize and detain said Davis, negligently, carelessly, and unlawfully, shot and killed him. There is no allegation that Davis was molesting the feed or attempting so to do, or that it was any part of Ireland's duty to sieze and arrest persons who happened to be upon the premises, except those who were there for a specified purpose.

It is obvious that the averment in the fourth paragraph of the petition that Ireland "was acting for said defendants in the due course of his employment as aforesaid, and, pursuant to his instructions and orders, attempted to seize and detain," is a mere conclusion, and not a statement of any fact showing that the attempted seizure and detention of Davis was within the range and authority of Ireland's duties. Likewise the allegation in the fifth paragraph that Davis' death "was caused by the wrongful and unlawful act, neglect, and default of said defendants," is the statement of a conclusion of law which the demurrer does not admit. It is only facts that are well pleaded which are confessed by general demurrer.

So far as the allegations in the petition are concerned, or the legitimate inferences to be drawn therefrom, Ire-

land's employment was exclusively in guarding and protecting the feed, and the wrong charged was something which his agency did not contemplate and which he could not lawfully do in the name of the defendants. His business no more contemplated the seizure of a person who was upon the defendants' premises for a lawful purpose than it did the arrest and detention of a person lawfully passing along the public highway near the property, and in neither case would the defendants be liable for the act. The test of a master's liability is not whether a given act was done during the existence of the servant's employment, but whether it was committed in the prosecution of the master's business. As was well said by Mitchell, J., in the course of his opinion in *Morier v. St. Paul, M. & M. Ry. Co.*, 31 Minn., 351, "Beyond the scope of his employment the servant is as much a stranger to his master as any third person. The master is only responsible so long as the servant can be said to be doing the act, in the doing of which he is guilty of negligence, in the course of his employment. A master is not responsible for any act of omission of his servant which is not connected with the business in which he serves him, and does not happen in the course of his employment. And in determining whether a particular act is done in the course of the servant's employment, it is proper first to inquire whether the servant was *at the time* engaged in serving his master. If the act be done while the servant is at liberty from the service and pursuing his own ends exclusively, the master is not responsible. If the servant was, at the time when the injury was inflicted, acting for himself and as his own master, *pro tempore*, the master is not liable. If the servant step aside from his master's business, *for however short a time*, to do an act not connected with such business, the relation of master and servant is for the time suspended. Such, variously expressed, is the uniform doctrine laid down by all authorities."

In *Golden v. Newbrand,* 2 N. W. Rep. [Ia.], 537, was where a servant, employed to guard a brewery, shot and killed a person who had been damaging the property, but was retreating when shot. It was decided that the killing was not done in the line of the servant's duty, and that the master was not liable therefor. To the same effect is *Candiff v. Railroad Co.,* 7 So. Rep. [La.], 601.

The fair construction of the language of the petition shows that the killing of Davis was the willful and intentional act of Ireland, committed outside of the course of his employment, and for which the defendants are not responsible. We are of the opinion that the petition fails to state a cause of action, and the demurrer was properly sustained. The judgment is

AFFIRMED.

THE other judges concur.