Decided 2 January, 1906.

**BOOTHE v. FARMERS' NATIONAL BANK.**

.83 Pac. 785.

CONFORMITY OF PLEADINGS AND PROOFS.

1. Parties must recover in legal proceedings upon the claims asserted in their pleadings, and not upon other rights or issues that may appear in the evidence. For instance, in an action to recover specific deposits in a bank, where the court finds that the deposits sued on have been paid, but that the bank owes the plaintiff a certain sum on other deposits, the plaintiff is not entitled to recover judgment for the amount due him, as he made no claim to that money.

TRIAL BY COURT—FINDINGS MUST FOLLOW PLEADINGS.

2. Findings outside the issues of the pleadings are nullities and will not support any final order, not being responsive to the issues.

From Union: ROBERT EAKIN, Judge.

Action by S. S. Boothe against the Farmers' & Traders' National Bank of La Grande, resulting in a judgment for defendant, from which plaintiff appeals.      AFFIRMED.

For appellant there was a brief over the name of *Lomax & Anderson*, with an oral argument by *Mr. Gustave Anderson*.

For respondent there was a brief and an oral argument by *Mr. James Davis Slater*.

Mr. Chief Justice Bean delivered the opinion.

This is an action at law to recover a balance alleged to be due the plaintiff on certain deposits made by him with the defendant bank.   The complaint alleges that the plaintiff deposited with the defendant on October 21, 1897, $10,350;  on October 26, $2,540;  on October 28, $670;  on November 2, 1898, $276;  on November 28, $4,626.80, and on April 5, 1899, $1,050;  that it was understood and agreed between them that all deposits should bear 5 per cent interest to November 28, 1898, and 4 per cent thereafter ; that no part of the money so deposited by plaintiff with the defendant, or interest thereon, has been paid, except the sum of $9,014, and judgment is demanded for the balance.   The answer admits the receipt of the several amounts by the defendant substantially as alleged in the complaint, but avers that a portion of the money so deposited was repaid in cash to the plaintiff and that certificates of deposit were issued to him for the remainder, which certificates have been paid and canceled by it.   By way of counterclaim it is alleged that between the 18th of November, 1897, and May 27, 1903, divers sums of money were deposited with the defendant to the credit of plaintiff on open account, subject to his check, amounting in the aggregate to $12,441.39, and that it has paid to him on his checks and orders, interest on overdrafts, and in satisfaction of promissory notes held by defendant against him, $12,624.23, leaving a balance due it of $182.84, for which it prays judgment.   The reply denies the allegations of the answer, and affirmatively alleges that, if the several items of deposit stated in the answer to have been made with the defendant on plaintiff's account between December 28, 1898, and May 27, 1903, were made as therein alleged, it was without the knowledge of the plaintiff, and was a part of the original fund mentioned in the complaint, and that, if certificates of deposit were issued by the de-

fendant for any portion of such fund, such certificates
were left with the defendant bank, and have never been
assigned, indorsed or transferred by him, or by any one
in his behalf, or taken from the bank, but were retained
and used by it.

The cause was, by agreement of the parties, tried by the
court without the intervention of a jury, and the court
found that the several sums alleged in the complaint
were deposited with the defendant on plaintiff's account,
except the item of October 26, 1897, was $1,440 in place of
$2,540, as stated in the complaint, and that the item of
October 28 for $670 was the amount of a certificate of de-
posit issued by it to plaintiff for a part of the $1,440 item ;
that certificates of deposit were issued by the bank for the
several amounts so deposited at the time the deposits were
made, except $800 of the deposit of October 26, 1897, which
was paid to him in cash; that on November 28, 1898,
plaintiff and defendant had a settlement and accounting
at which time the plaintiff surrendered to defendant for
cancellation the several certificates of deposit held by
him, and there was issued in lieu thereof one certificate
in favor of McDaniels for $150, another in favor of J. W.
Scriber for $10,625, and three in favor of the plaintiff for
$2,000, $1,000, and $307.30, respectively; that the balance
found due the plaintiff was applied in payment of his
promissory notes to the bank, except $119.17, which was
placed to the credit of his general account and subject to
check; that on April 7, 1899, the defendant received for
and on account of plaintiff $1,050, for which it issued to
him a certificate of deposit for $646.31, and applied the
balance by his permission on his notes, and the certificate
of deposit so issued to him was paid on July 19, 1899;
that on December 28, 1898, plaintiff deposited with the
defendant the two certificates issued to him on that day

for $1,000 and $307.30, respectively, subsequently draw-ing the amount thereof by check; that the certificate for $2,000, issued to plaintiff on November 28, 1898, was left by him with J. W. Scriber, the cashier of the bank, and on July 28, 1889, Scriber indorsed plaintiff's name thereon, and the same was surrendered to and canceled by the bank; that of the amount due on such certificate $468.48 was deposited with the bank to plaintiff's credit, subject to his check, and, as to the remainder, the finding is:

"Mr. Scriber claims this certificate was settled for with Mr. Boothe on January 26, 1900, but how it was settled for does not appear, and, as Boothe did not indorse the certificate, no presumption can arise against him, and the bank should be charged with the amount of the certificate and $80 interest for one year, less the deposit of $468.48, viz., $1,611.52."

It is further found that from November 16, 1898, to Aug-ust 22, 1904, the defendant received on open account for plaintiff $11,898.02, and between such dates paid to him, on his checks and orders, $12,080.86, from which should be deducted $419.12 for errors in bookkeeping and over-charges, which would leave a balance $236.28 due plaintiff on his general account, which, together with $1,611.52 above referred to, would make a total balance due plaintiff from the defendant of $1,847.80.

1. A judgment was rendered in favor of the defendant, notwithstanding the finding that it was indebted to the plaintiff in the sum of $1,847.80, because the action is at law, and defendant is not liable on any of the causes of action set out in the complaint. In this conclusion we are constrained to concur. This is not a suit for an account-ing, but an ordinary action at law to recover on certain specified items of indebtedness. The plaintiff is bound to recover, if at all, upon the causes of action alleged, and not upon some separate and distinct cause of action which

may be disclosed by the evidence: *Hammer* v. *Downing*, 39 Or. 504 (64 Pac. 651); *Union St. Ry. Co.* v. *First Nat. Bank*, 42 Or. 606 (72 Pac. 586).

2. And a finding of fact outside the issues made by the pleadings is a mere nullity, and will not sustain a judgment: *Male* v. *Schaut*, 41 Or. 425 (69 Pac. 137); *Gamache* v. *South School Dist.*, 133 Cal. 145 (65 Pac. 301). The plaintiff sues for the recovery of certain specified items of indebtedness. The findings show that each and every one of them has been paid and discharged by the defendant. In addition to finding upon the issues made by the pleadings, the court made a number of findings, presumably based upon the evidence, from which it would appear that the defendant is indebted to the plaintiff upon a certificate of deposit issued to him on November 28, 1898, and on overcharges for interest and the like; but these matters were entirely outside the issues, and will not support a judgment in this cause in plaintiff's favor.

It follows, therefore, that the judgment as rendered must be affirmed, but it will be so framed as not to bar any subsequent proceeding instituted by the plaintiff to recover whatever may be due him.               AFFIRMED.

---

Decided 9 January, 1906.