Argued February 4; reversed March 31, 1936

# TAUSCHER *v.* DOERNBECHER MANUFACTURING CO. ET AL.

(56 P. (2d) 318)

*O. A. Neal* and *Roscoe C. Nelson,* both of Portland (Dey, Hampson & Nelson, R. R. Morris, and James C. Dezendorf, all of Portland, on the brief), for appellants.

*Paul R. Harris, of Portland* (Davis & Harris and C. W. Robison, all of Portland, on the brief), for respondent.

CAMPBELL, C. J. This is an action for personal injuries alleged to have been received in an assault upon the plaintiff by certain of the defendants.

On the night of June 5, 1933, a few minutes before midnight, plaintiff accompanied by his mother drove his automobile to the plant of defendant the Doernbecher Manufacturing Company, a corporation. The plaintiff and his mother got out of the car and started to walk around waiting for the whistle to blow when the men working on that shift would quit working for the day. Plaintiff's brother was superintendent of de-

fendant corporation and his father was working for it. Plaintiff had come to the plant to take his father home. A few minutes before the whistle blew, defendants Heitkemper, Hardt, Rudarmal, Parno and Foss came out of the plant and ordered plaintiff to leave the grounds. An altercation ensued resulting in plaintiff being beaten up and, according to his allegations, badly injured.

Plaintiff alleged that these individual defendants— Heitkemper, Hardt, Rudarmal, Parno and Foss:

"* * * were in the employ of the defendants, Doernbecher Manufacturing Company and H. A. Green, for the purpose of guarding and protecting the property and interest of the defendant corporation, and upon said date, while said defendants were acting within the course and scope of their employment, and for the purpose for which they were employed by the defendant corporation and H. A. Green, said defendants wrongfully, wilfully and maliciously set upon the said plaintiff and severaly beat him and kicked him upon the head and body, which said conduct was continued for a considerable period of time, and was without cause or provocation on the part of the plaintiff."

Plaintiff also alleged the injuries received; that he was damaged thereby. He further alleged that said injuries were inflicted wantonly and maliciously, and asks for punitive damages.

Defendant corporation and H. A. Green joined in an answer in which they admitted that the defendant H. A. Green was the president and general manager of the defendant corporation and denied all the other material allegations of the complaint.

For a further and separate answer and defense they alleged in effect that plaintiff provoked said assault by calling defendant Rudarmal vile and opprobrious

names and by making an assault upon defendant Rudarmal and that whatever battery said defendant made upon plaintiff was done in self-defense.

Defendants W. Heitkemper, Henry Hardt, Roy Parno and Rudolph Foss joined in an answer to plaintiff's complaint in which they admitted that on the date of the alleged assault they were in the employ of the defendant corporation, but denied all the other material allegations.

For a further and separate answer and defense they answered to the same tenor and effect as the allegations contained in the further separate answer and defense of defendant corporation and H. A. Green.

Defendant Rudarmal filed his separate answer in which he denied all the material allegations of plaintiff's complaint and, for a further and separate answer and defense, alleged to the same tenor and effect as that of the defendant corporation and H. A. Green.

The new matter contained in all the answers was denied in the reply.

The cause was tried to a jury who returned a verdict in favor of the plaintiff and against all the defendants in the sum of $5,000 compensatory damages and the further sum of $3,500 punitive damages, on which judgment was entered.

Defendants seasonably moved the court to set aside the verdict and judgment and for a new trial. The court overruled the motion and defendants filed appeals in the same order as they filed answers.

The defendants raise the question on appeal as to the sufficiency of the complaint as against the ap-

pellants Doernbecher Manufacturing Company and H. A. Green.

■ It will be observed that the plaintiff attempts to hold these two defendants under the doctrine laid down in *Fetting v. Winch,* 54 Or. 600 (104 P. 722, 38 L. R. A. (N. S.) 379, 21 Ann. Cas. 352), that: A master is responsible for the acts of his servants if the particular act causing the injury be within the scope of, and be done within, the exercise of the servant's delegated authority.

The complaint was not attacked by demurrer nor by motion nor by an objection to the admission of testimony, and for the first time the question of its sufficiency is raised here. The allegation is that on the day of the assault, the individual defendants Heitkemper, Hardt, Parno, Foss and Rudarmal were in the employ of the defendants "Doernbecher Manufacturing Company and H. A. Green for the purpose of guarding and protecting the property and interest of the defendant corporation * * * and while said defendants were acting within the course and scope of their employment and for the purpose for which they were employed * * * they wrongfully, unlawfully and maliciously" did the acts causing the injury to plaintiff.

■ Every intendment and reasonable inference is to be indulged in favor of the complaint when its sufficiency is first raised after verdict and on appeal. The evidence admitted without objection tended to show that plaintiff was upon the premises of defendant corporation in the immediate vicinity of its plant and that these individual defendants were attempting to eject him from the said premises and supports the allegation that they were performing the duty for which they were employed.

The real test, as laid down in *Davis v. Houghtellin,* 33 Neb. 582 (50 N. W. 765, 14 L. R. A. 737), "* * * is not whether a given act was done during the existence of the servant's employment, but whether it was committed in the prosecution of the master's business."

█ In the instant case, it was the master's business to keep all intruders off the premises, and an allegation that these individual defendants were employed to carry on that part of the business, with evidence admitted without objection to prove that employment, would render the complaint invulnerable against demurrer first interposed on appeal: *Downs v. National Share Corporation,* 152 Or. 546 (55 P. (2d) 27).

█ The authorities cited by appellant on this point are not in conflict with the foregoing principle. The object of a complaint is to notify defendants with what they are charged so as to enable them to present their defense to said charges, and the complaint should be deemed sufficient if it discharge this function. "We do not believe that the pleadings misled the plaintiff nor do we find any indication that the situation denied plaintiff a fair presentation of its case. * * * Rules of procedure are merely an avenue of approach.": *Menefee Lumber Co. v. MacDonald,* 122 Or. 579 (260 P. 444). Also see *Beach v. Brightwood,* 132 Or. 345 (285 P. 259).

█ At the close of plaintiff's case in chief, counsel moved for an involuntary nonsuit in behalf of defendant H. A. Green. Again, at the close of all the evidence in the case, he moved for a directed verdict in favor of said defendant. Both motions were overruled and this assignment of error is based on that ruling.

The complaint alleged that the other individual defendants who actively committed the assault were, at

the time, in the employ of the defendant corporation and of H. A. Green. It further alleged that this employment was to protect the plant and interest of defendant corporation. They were not hired to do anything for defendant Green. The evidence shows that they were in the employ of the defendant corporation only. Defendant Green was not present at the time the assault was committed nor is there any evidence that he in any way aided or abetted or counselled or procured the commission of the assault. There is no allegation or evidence of a conspiracy. The evidence shows that defendant Green was the general agent of defendant corporation and that these other individual defendants were hired for and on behalf of the defendant corporation. This is not a variance between the allegations and the proof, but a total lack of proof on an essential averment. It is not an attack on the sufficiency of the complaint but a test of the sufficiency of the evidence to support the allegations of the complaint. The court instructed the jury on this point as follows:

"If you find from the evidence that the last named defendant employees, or some of them, unlawfully and unjustifiably assaulted and beat the plaintiff, then the defendant Green would be liable only provided you further find that he authorized, directed or advised the assault to be made."

This instruction does not remedy the matter. There being no evidence to support the allegations of the complaint that the defendants who actually committed the assault were in the employ of defendant Green, the court by instructions could not supply essential allegations. The matter was sufficiently drawn to the attention of the trial court in due and seasonable time to enable the court to rule on the motions, which was done. If the plaintiff recovers damages he must recover on the

case made in his pleadings: *Eastman v. Jennings-McRae Logging Co.*, 69 Or. 1 (138 P. 216, Ann. Cas. 1916A, 185); *Boothe v. Farmers National Bank*, 47 Or. 299 (83 P. 785); *Portland v. O'Neill*, 98 Or. 162 (192 P. 909). The motion for a directed verdict in favor of H. A. Green should have been allowed.

■■ This assignment of error is based on the refusal of the court to grant an involuntary nonsuit at the close of plaintiff's case in chief or to direct a verdict at the close of all the evidence, in favor of defendants Rudolph Foss, Henry Hardt and Ray Parno, on the ground that there was no competent evidence showing that these defendants in any way participated in the assault. It requires no citation of authority to sustain the principle that one who does not take any active part in an assault or aid, abet, advise, or procure the commission of an assault is not liable therefor: 1 Cooley on Torts, 751 (§ 75). It is admitted that the assault occurred a few minutes before midnight; that defendants Rudarmal, Heitkemper, Foss, Hardt, and Parno left the plant of the defendant corporation together at that time of night; that they encountered plaintiff and the assault occurred. Plaintiff testified that he was standing about 100 feet away when he was roughly accosted by some one; that he turned and saw seven men approaching him; and that, after some angry words, "This fellow Heitkemper smashed me in the eye and I went down * * * then *they* started kicking me. * * * This fellow hit me again and knocked two teeth out. I fell down and *they* started kicking me again." There is no dispute in the evidence that these individual defendants were among the seven men that encountered plaintiff and that they were present at the alleged assault. "They began kicking me" is suffi-

ciently comprehensive to include all of them, and to indicate that they all participated in the kicking. It was a question of fact to be submitted to the jury. No error was committed in failing to direct a verdict.

██ During the trial, counsel for plaintiff produced a club and exhibited it to the jury over the objections of the defendant. Various witnesses were asked regarding it. Evidence was offered that there were similar clubs in the plant of the defendant corporation. There was no claim that any club was used in the assault upon plaintiff, nor was there any evidence that any of the defendants were armed with clubs at the time of the assault. The exhibition of the club to the jury was not competent evidence and could result only in prejudice. It was error to allow counsel to exhibit such club as it could serve no purpose under the pleadings and issues of the case.

██ This assignment of error is based upon the court's permitting counsel for plaintiff to impeach his own witness. During the trial, counsel for plaintiff called one Kell as a witness in his behalf. The witness was asked in effect if he had been selected as a guard to protect the Doernbecher plant and if he received extra compensation on that account. His answer was, "No". He was also asked in effect if he saw the assault committed on plaintiff and he again answered, "No". Counsel for plaintiff then asked the witness if he had been to counsel's office and was answered in the affirmative. Counsel then called to the attention of the witness the time and the persons present on the occasion of his visit to counsel's office. The witness was then asked, "I want to ask you if upon that occasion I was present, Mr. Wirtz was present, Mr. Tauscher was present, if you did not say at that time that you saw

these men beating up —— ——''. Here the counsel was interrupted by objection that it was a leading question and also an attempt to impeach. The question was continued, ''I want to ask you if you did not tell us that you saw that and saw these men assault Mr. Tauscher.'' His answer was, ''No, I didn't.'' He was also asked the question (referring to the same incident): ''Didn't you say that you were selected—I will go over this again. Didn't you, in the presence of Mr. Wirtz and also Mr. Tauscher, tell us in my office three or four days ago at the time you say you were there, that you were selected by either Shipley or Tauscher or Mr. Harding, that you were to act as a guard at an additional pay of 50 cents a day to protect the property of Doernbechers against the Communists or strangers coming on their premises?'' He answered, ''No, I did not say that. Not the words to that effect. No.''

It will be observed that the witness gave no testimony damaging to plaintiff's cause. He simply said he did not see the fight and that he was not selected as a guard. There was no necessity for impeachment or to excuse counsel for having called him. The jury could not be influenced one way or the other by the answers made by the witness. In an attempt to complete the impeachment, counsel called Mr. Wirtz who was present at counsel's office at the time witness Kell had visited there. He was asked the impeaching question and was permitted to answer in the affirmative over the objection of counsel for defendants.

''The party producing a witness is not allowed to impeach his credit by evidence of bad character, but he may contradict him by other evidence, and may also show that he has made at other times statements inconsistent with his present testimony, as provided in section 9-1912.'' Oregon Code 1930, § 9-1909.

Before a party may impeach his own witness the testimony given must be material and prejudicial to such party: *Langford v. Jones,* 18 Or. 307 (22 P. 1064); *State v. Steeves,* 29 Or. 85 (43 P. 247); *State v. Merlo,* 92 Or. 678 (173 P. 317, 182 P. 153), and many others.

■ This assignment of error is based upon the failure of the court to give the following instruction:

"I instruct you that if you find from the preponderance of the evidence that the defendants, J. Rudarmal, W. Heitkemper, Henry Hardt, Roy Parno, and Rudolph Foss, at the time of the alleged assault set forth in the pleadings, were employed by the defendant Doernbecher Manufacturing Company as machine operators and to uncover Communists in its factory, and for no other purpose, then I instruct you that if you find that said employe-defendants, or either of them, did engage in a fight with the plaintiff, that they or either of them would not have been acting within the scope of their employment as machine operators, or uncoverers of Communists working for the defendant corporation, then your verdict in that case must be in favor of the defendant Doernbecher Manufacturing Company and the defendant H. A. Green."

Defendants contend that the foregoing instruction covers their theory of the case and that the court should have so submitted it to the jury.

Defendants had an opportunity to advise the court as to what their theory of the case was in relation to the employment of these particular defendants and they failed to do so. There is no allegation in the answer of any of the defendants that said defendants were employed by defendant corporation "* * * as machine operators and to uncover Communists in its factory."

■ This assignment of error is based on the following instruction given by the court to the jury:

"I instruct you that if you find by a preponderance of the evidence, that such a wanton and malicious assault and battery was made upon the plaintiff without justification or excuse and the said defendant-employes who committed said assault were thereafter retained by said defendant Green in the employment of said defendant corporation, then such retention may be considered by you as some evidence of ratification."

The mere retention in his employ by the master of a servant who has committed a tortious act is not of itself ratification. As was said in *Williams v. Pullman Palace Car Company,* 40 La. Ann. 87 (3 So. 631, 8 Am. St. Rep. 512):

"If it honestly believed that the porter was innocent of the outrageous conduct charged against him, his retention was, under such belief, an act of courageous justice, and certainly presents no element of ratification."

There must be knowledge of the tortious act of the servant and an intention on the part of the master to ratify it: *Pruitt v. Goldstein Millinery Company,* 169 Ky. 655 (184 S. W. 1134); *Turner v. American District Telegraph & Messenger Company,* 94 Conn. 707 (110 Atl. 540, 10 A. L. R. 1079). The above quoted instruction is erroneous in that it leaves out of consideration the knowledge of the employer and his possible belief in the justice of the employee's action, in that the assault was provoked, according to their story.

■ This assignment of error is based on the court permitting respondent, over the objections of the appellant, to introduce testimony showing that appellants Doernbecher Manufacturing Company and H. A. Green had trouble before which had taken place upon the premises of the defendant corporation. Ordinarily evidence of other disturbances in which there was no evidence that these particular individual defendants took part would not be competent in an action based upon

the alleged assault by these individual defendants. The activities of the defendant corporation, acting through its employees, in regard to Communists within or without the plant, as a general rule, would not be shown by particular acts. As the case will necessarily have to go back for a new trial, it is not likely that a similar error will occur.

■ This assignment of error is based on the refusal of the court to grant a new trial by reason of alleged false answers given by one of the jurors on his voir dire examination. The record shows that one of the jurors on said examination testified that he was not acquainted with any of the defendants. The affidavits of defendants Rudarmal and Foss are to the effect that said juror was well acquainted with them; that defendant Foss and said juror in their young and innocent days attended the same church and lived within two blocks of each other. Defendant Rudarmal also filed an affidavit that he and the juror were well acquainted with each other and that the juror knew that Rudarmal at one time was an amateur prize-fighter. Both Foss and Rudarmal were present in the courtroom at the time the juror was being examined and they both swore that they knew the said juror as soon as he was called to the jury box and that they knew that he knew them. They are trying to excuse themselves by saying they did not know that the juror would disqualify himself by testifying that he did not know them. They, in effect, say that they were perfectly willing to accept a juror whom they knew testified falsely as to his qualifications at the time he was accepted as a juror, and when the verdict was against them they then raised the objection to his qualifications. The court properly refused to grant a new trial on this ground.

For the reasons herein stated, the judgment must be reversed and the cause remanded for such further proceedings as may be taken not inconsistent herewith.

It is so ordered.

KELLY, ROSSMAN and RAND, JJ., concur.