On appellant's petition for reconsideration filed August 4, see also
35 Or App 207, petition allowed, former opinion withdrawn, reversed
and remanded for new trial October 30, 1978

# STATE OF OREGON, *Respondent,*

*v.*

# KAREN LYNN MILLER, *Appellant.*

## (No. B42-243, CA 9597)

585 P2d 772

Ellen F. Rosenblum, Eugene, argued the cause and
filed the brief for appellant.

Carol J. Molchior, Certified Law Student, Salem,
argued the cause for respondent. With her on the brief
were James A. Redden, Attorney General, and Al J.
Laue, Solicitor General, Salem.

GILLETTE, J.

## GILLETTE, J.

In her petition for rehearing on our decision affirming her conviction for resisting arrest and assault,[1] defendant suggests that a portion of our opinion was based upon an incorrect factual premise and should therefore be reconsidered. Specifically, defendant questions that portion of our opinion dealing with her second and third assignments of error. 35 Or App at 211-214. These assignments concerned a question on cross-examination and the admission in evidence of a tape recording made by one of the arresting officers on the evening in question. We said,

"The tape recording was admitted to impeach the defense witness' answer as to the tone of voice of the officer when he approached the passengers in the cab of the truck. Defendant claims this amounts to the state opening the door for its own rebuttal testimony since, if the prosecution had not been permitted to ask the question, there would be nothing to impeach and the tape would not have come in.

"The prosecutor's cross-examination questions concerning the tone of voice of the officer was improper because it was beyond the scope of direct examination * * *. Standing alone, however, it is difficult to see how either the questions or the answers on this subject could have harmed the defendant.

"A much more difficult question arises with respect to the contents of the tape recording. *The state offered only that portion of the recording which portrays the officer's tone of voice when he spoke to the passengers in the pickup* * * *. It is the balance of the tape—which was also admitted—which defendant argues contains prejudicial and inflammatory matter by way of statements by the driver of the car whose arrest was to precipitate the entire incident.

"* * * * *

"The tone of voice of the officer when he talked to the passengers was outside the scope of cross-examination. More importantly, the tone of voice of the officer is a collateral matter since it was never shown that defend-

---

[1] *State v. Miller,* 35 Or App 207, 582 P2d 1378 (1978).

ant heard the conversation. Even if she had, it is difficult to see the relevancy * * *. A matter is collateral where it could not be shown by the opposing party as part of their case. Here the tone of voice of the officer was not relevant since defendant did not hear it and could not have relied upon it as a reason to resist arrest in any event.

"*The state wished to introduce only that portion of the tape which covered the officer's conversations with the passengers in the cab of the truck. The defense insisted that if any of the tape was played, then all of it must be. The prejudicial material, if any, in the tape was contained in the conversation between the officer and the driver. This conversation would not have been before the jury except for the defense counsel's insistence* * *.*" 35 Or App at 212-213, 214. (Emphasis added.)

As defendant suggests, we have reexamined the record and find that our description of the way in which the tape recording was admitted is erroneous. There was a colloquy between court and counsel as the emphasized portions of the preceding quotation indicate. The court indicated in a preliminary way that it would admit only the limited portion we have described. Thereafter, however, the prosecutor withdrew her offer of the tape so that the court made no final ruling. Much later, the prosecutor finally offered the tape. This time, however, the offer included not only the harmless part referred to in our prior opinion but also substantial amounts of additional matter to which defendant took timely exception. Again, after the court overruled the exception, defendant asked that the whole tape be admitted and this was done.

The additional material offered by the prosecution the second time included the officer's conversations with the driver of the van and his attempt to arrest her. The material points an unattractive portrait of the driver and, by implication, blackens the character of defendant, who was with the driver on that evening. In our earlier opinion, we said,

"had defendant resisted admission of the entire tape,

[ 862 ]

and had the entire tape been received, we would be inclined to find the ruling prejudicial."

What was before mere inclination is changed by our corrected view of the operative facts into resolution: The tape, having no relevance to the charge against *this defendant,* was inadmissible. It contained material prejudicial to defendant's ability to obtain a fair trial. The admission of irrelevant and prejudicial evidence of this kind under the facts of this case requires reversal.

Petition for reconsideration allowed, former opinion withdrawn. Reversed and remanded for a new trial.