Argued and submitted January 30, 1981, affirmed in part;
reversed and remanded for a new trial February 22,
reconsideration denied April 1,
petition for review denied May 18, 1982 (293 Or 146)

# STATE OF OREGON,
*Respondent,*

*v.*

# JAMES E. VAN GORDER,
*Appellant.*

(No. 79-08-32686, 79-08-32689; CA 16695, 16696)
(cases consolidated)

641 P2d 584

Des Connall, Portland, argued the cause and filed the brief for appellant.

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals his conviction after jury trial of manslaughter in the first degree, ORS 163.118,[1] and his conviction, after a plea of guilty, of being an ex-convict in possession of a firearm. ORS 166.270. Appeal of the two convictions was consolidated. Defendant assigns no error arising on his conviction for being an ex-convict in possession of a firearm. That conviction is affirmed.

Defendant was charged with manslaughter by indictment:

"The said defendant, on or about June 30, 1979, in the County of Multnomah, State of Oregon, did unlawfully and recklessly, under circumstances manifesting an extreme indifference to the value of human life, cause the death of another human being, to-wit: Alan Blattman, * * *."

Defendant assigns ten errors. For purpose of argument, he groups them under four general claims: (1) that the indictment failed to give defendant adequate notice of the crime with which he was charged; (2) that the trial court improperly applied the policy promulgated in *State v. Petersen,* 270 Or 166, 526 P2d 1008 (1974), including failure to give one of defendant's requested instructions grounded on that policy; (3) that defendant's motions for acquittal, based on a lack of proof of the required culpable mental state, should have been granted; and (4) that defendant should have been permitted to impeach a state witness with the witness' prior statements. We reverse for failure of the trial court to give defendant's requested instruction restricting the jury's consideration of defendant's conduct and mental state to the time when the gun discharged.

At about 8 p.m., on June 30, 1979, defendant, Alan Blattman, and John Nilsen were seated in defendant's car in a tavern parking lot. Defendant occupied the driver's seat; Nilsen was in the front right passenger seat; and

---

[1] ORS 163.118(1)(a) provides:

"Criminal homicide constitutes manslaughter in the first degree when:

"(a) It is committed recklessly under circumstances manifesting extreme indifference to the value of human life * * *"

Blattman was in the rear seat. Defendant and Nilsen had been smoking marijuana most of the afternoon. The two of them commenced playing a form of "Russian roulette," based on scenes from the movie "The Deer Hunter," with defendant's .357 Magnum revolver. While both defendant and Nilsen were looking forward, defendant, with the gun in his left hand, reached around his right side, between the bucket seats of the automobile, to hand the revolver to Blattman. The gun discharged, wounding Blattman, who died the next day as a result of the gunshot wound.

In his claim that the trial court erred in failing to give his requested instruction concerning the relevant time, defendant relies primarily on *State v. Petersen, supra.* In *Petersen,* the defendant was charged with manslaughter by recklessly causing the death of another. The indictment alleged that the defendant had participated in a speed contest in which a passenger in the second vehicle in the contest was killed when that vehicle collided with a third vehicle and that the defendant had thereby caused the death of the passenger. The trial court overruled a demurrer to the indictment. This court affirmed the trial court, Chief Judge Schwab dissenting. *State v. Petersen,* 17 Or App 478, 522 P2d 912 (1974). Adopting the reasoning of the dissent, the Supreme Court reversed.

*Petersen* holds that when two or more persons voluntarily and knowingly engage in reckless conduct, one of them cannot be held responsible for the death of another participant resulting from the agreed upon reckless conduct. The specific reckless conduct involved was drag racing, but Chief Judge Schwab's dissent gave other examples, particularly sky diving and "Russian roulette." Under the rule set forth in *Petersen,* defendant here could not be found guilty of recklessly causing the death of Blattman merely because he participated in the dangerous game of "Russian roulette." If the victim was not participating in the game, but died as a result of some act which was part of the game, or if the cause of his death was some act of defendant independent of the game, defendant might be guilty of manslaughter.

The evidence is conflicting as to whether Blattman was a participant. At any rate, he did not shoot himself,

and there is no evidence that he was participating in a game in which he agreed to let either of the other players pull the trigger of the revolver while it was pointed at him. All the evidence is that the fatal shot was fired while defendant was handing the revolver to Blattman. Assuming that Blattman was participating in the game, the act of handing him the revolver was not a part of the game, but only ancillary thereto.

Defendant requested the following instruction:

"You have been instructed as to the elements the state must prove to establish that the defendant is guilty of first degree manslaughter.

"To find the defendant guilty of first degree manslaughter, you must find beyond a reasonable doubt that the defendant, at the precise moment the gun discharged, was acting with the requisite mental state.

"Evidence has been presented from which you could find that the activity in which James Van Gorder, Alan Blattman, and a third person were engaged earlier that evening was a generally reckless activity. However, in addressing the question of the guilt or innocence of the defendant you are to focus only on the moment when the gun discharged.

"In other words, in determining whether or not the defendant is guilty of first degree manslaughter, you must address only the conduct and mental state of the defendant at the moment the gun discharged."

The trial court refused to give the instruction. Defendant assigns the refusal as reversible error. We agree.

Defendant's requested instruction would have correctly focused the jury's attention on defendant's mental state at the time of the gun's discharge. It would have correctly cautioned the jury that that was the relevant time period for their consideration and that it was defendant's mental state while handing the gun to Blattman that was determinative, not the mental state exhibited by his participation in the game of "Russian roulette."

The fact that the indictment does not allege the means by which defendant caused the death of Blattman makes it all the more important that defendant's requested instruction should have been given. Had the indictment alleged that death was caused by shooting Blattman with a

revolver, the jury would have known that it was defendant's state of mind at the time the shooting occurred which they were to consider. Without describing the precise act in the indictment and without an instruction limiting the jury's consideration to the time the revolver was fired, the jury was free to find that defendant's act of engaging in the game of "Russian roulette" was enough to establish that he was acting with a reckless state of mind. Defendant's agreement to participate in the game of "Russian roulette" was, at most, an indirect or remote cause of Blattman's death. It is defendant's conduct in handing the gun to Blattman, and the way that it was handed to him, which must be examined for the determination of whether defendant was acting recklessly. *State v. Simmons,* 34 Or App 929, 580 P2d 564, *rev den* 284 Or 341 (1978).

Because of our resolution of this case, we need only address defendant's additional contention that he should have been allowed to impeach Nilsen by allowing defendant's investigator to testify as to Nilsen's prior statements to him, for this will likely arise on retrial.

The trial court accurately summarized the colloquy between Nilsen and the defendant's attorney on cross-examination. The trial court stated:

"Well, the witness was asked if he had made certain statements to [defendant's investigator]. In some cases, he said he could not recall; in some cases, he said he could not remember whether he made the precise statement or not; in other cases, he agreed that he had made the statements; and in some cases he denied the statements."

The trial court then concluded:

"The only ones that properly can be read are those statements which contradict his testimony. In other words, impeach the witness. If you can identify those, you may read those to the jury or have [the investigator] read them to the jury."

The court refused to allow the defendant to impeach the witness with prior statements that he testified he did not remember or was unsure of having made previously.

■ ■ The defendant contends that, when a witness testifies that he does not recall or is unsure of making a statement, there is a basis for impeaching the witness by

his previous statement. The state, on the other hand, contends that there is nothing "inconsistent" in the witness' testimony which would provide a basis for impeachment and relies on *State v. Miller,* 35 Or App 207, 582 P2d 1378, *vacated on other grounds,* 36 Or App 859, 585 P2d 772 (1978). *Miller,* however, is not helpful. We concluded in that case that when a witness' answer to a question was an agreement that he had told an investigator exactly what he was alleged to have told him, there was nothing to impeach. 35 Or App at 211. That is not the case at hand. We reiterate our previous holding that, if a proper foundation has been laid, when a witness testifies that he is unsure of or does not remember having made a particular statement, the witness may be impeached by evidence that he made the alleged statements. As this court pointed out in *State v. Bruce,* 31 Or App 1189, 1194, 572 P2d 351 (1977), *rev den* 282 Or 385 (1978), for impeachment purposes "[t]he 'I don't remember' answers * * * in response to questions asked concerning the prior inconsistent statements * * * were the equivalent of 'No, I did not say that' * * *." *See also, State v. Young,* 1 Or App 562, 463 P2d 374, *rev den* (1970); McCormick, Evidence 72, § 37 (2d ed Cleary 1972). Defendant was entitled to introduce testimony by his investigator as to Nilsen's prior statements to the investigator which Nilsen testified he was unsure of having made or did not remember making. The investigator's impeaching testimony should have been admitted.

Defendant's remaining assignments of error are not well taken.

Conviction of being an ex-convict in possession of a firearm is affirmed; conviction of manslaughter is reversed and case is remanded for a new trial.