No. 8 January 4, 2024 107

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PAUL TYLER LEYVA,
*Defendant-Appellant.*

Marion County Circuit Court
19CR37230; A177428

Susan M. Tripp, Senior Judge.

Argued and submitted December 5, 2023.

Jason E. Thompson argued the cause for appellant. Also on the brief was Thompson Law, LLC.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this criminal case, defendant appeals from a judgment of conviction for three counts of criminally negligent homicide, ORS 163.145. In his first assignment of error, defendant argues that the trial court erred in denying his motion to require an election before trial. In his second assignment of error, defendant argues that the evidence was insufficient to support the trial court's determination that he acted with criminal negligence. We affirm.

BACKGROUND

On June 7, 2018, defendant drove a Ford F350 pickup truck on McKay Road, which is a two-lane rural highway. Two cars drove ahead of defendant on the highway—a Ford Focus and a Honda Accord. The Honda Accord stopped to turn left onto a field next to the road, and the Ford Focus slowed to a near stop behind the Accord. Shortly after, defendant, while driving about 57 miles-per-hour, failed to apply his brakes when approaching the two cars and crashed his pickup truck into the Ford Focus. All three passengers in the Ford Focus died in the crash. The Focus's 9-1-1 assist computer sync system reported the accident at 2:46:42 p.m.

Pre-crash data from the Ford Focus reported that, at five seconds before the crash, the Focus was traveling at 27 miles-per-hour and braking. At the time of impact, the vehicle's speed was 1.2 miles-per-hour, and, at that point, the brake was still active. After the accident, defendant told an officer at the scene that he saw the Ford and Honda in front of him while he was driving, and that he "must not have been paying attention because all of a sudden [he] saw red brake lights and didn't have much time to brake."

Investigating officers examined defendant's cell-phone after the accident. The officers determined that defendant had been using an application on his cell phone at 2:45 p.m. to send messages and photos to another user on the app. The last photo was sent at 2:45:27 p.m., about one minute and 15 seconds before the crash. Testing of defendant's blood and urine for alcohol or controlled substances

revealed the presence of THC in defendant's urine sample, which indicated past use of marijuana.

The state charged defendant with three counts of manslaughter in the second degree for the death of the occupants of the Ford Focus, one count of driving under the influence of intoxicants (marijuana), and one count of assault in the fourth degree for injuring the driver of the Honda Accord. Before trial, defendant moved for the trial court to require the state elect the specific acts upon which it intended to rely to prove the charges. The trial court denied defendant's motion.

After a bench trial, the court found defendant not guilty of all the charged offenses, but it convicted him of three lesser-included counts of criminally negligent homicide. Defendant now appeals.

## DISCUSSION

*Defendant's First Assignment of Error.* We review the trial court's denial of a motion for election for errors of law. *See State v. Payne*, 298 Or App 411, 429, 447 P3d 515 (2019) (applying that standard). In criminal trials, when a jury can find multiple, separate occurrences for a single, charged crime, a party can address the issue either by requesting a jury concurrence instruction or asking the state to "elect the occurrence on which it wishes to proceed and, in that way, limit the jury's consideration to a single occurrence." *Id*. at 413 (citing *State v. Pipkin*, 354 Or 513, 517, 316 P3d 255 (2013)). "In determining whether a concurrence instruction was required, we must consider all pertinent evidence admitted at trial." *State v. Slaviak*, 296 Or App 805, 806, 440 P3d 114 (2019). "[W]hen the state relies on a single course of conduct to prove the elements of the offense," no concurrence instruction or election is required. *State v. Arellano-Sanchez*, 309 Or App 72, 80, 85, 481 P3d 349, *rev den*, 368 Or 511 (2021).

In this case, the trial court did not err in denying defendant's motion for election, because defendant's alleged intoxication and inattentiveness were part of a single course of conduct that led to the car crash and subsequent deaths. Defendant argues that election was required so that he had

sufficient "notice" to present his case. *See State v. Antoine*, 269 Or App 66, 76, 344 P3d 69 (2015) (determining that an indictment was insufficient, and the state was required to elect specific facts where "discovery would not aid the defendant because of the vast number of crimes from which the state could select in charging the defendant"). It is clear from the record that defendant had adequate notice of the factual allegations and the state's intention to rely on the entire course of conduct. In arguments to the court on defendant's motion for election, the prosecutor informed defendant and the trial court that it would rely on defendant's entire course of conduct. At trial, defendant presented testimony from witnesses that, at the time of the accident, defendant was not impaired by marijuana and did not have his phone in his hand. Defendant had notice that the state planned to rely on both his alleged intoxication and inattentiveness to prove its case.

*Defendant's Second Assignment of Error.* In evaluating whether the state presented sufficient evidence at trial to support the court's finding that defendant acted with criminal negligence, we "must view the evidence in the light most favorable to the state, resolving all conflicts in the state's favor and granting the state the benefit of all reasonable inferences that the evidence will support." *State v. Lewis*, 352 Or 626, 641-42, 290 P3d 288 (2012) (citing *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994)).[1]

To find defendant guilty of criminally negligent homicide, the state had to prove that defendant caused the death of another person due to criminal negligence. ORS 163.145. To prove criminal negligence, the state must prove that defendant "fail[ed] to be aware of a substantial and unjustifiable risk that the result will occur ***." ORS 161.085(10). That risk "must be of such nature and degree that the failure to be aware of it constitutes a gross deviation

---

[1] We note that defendant did not move for a judgment of acquittal during his bench trial, however, he sufficiently preserved this issue for appellate review by arguing during his closing argument that the evidence against him was legally insufficient. *See State v. Hedgpeth*, 365 Or 724, 730 n 4, 452 P3d 948 (2019) (noting that a challenge to the sufficiency of evidence during closing argument in a bench trial is equivalent to making a motion for a judgment of acquittal in a jury trial).

from the standard of care that a reasonable person would observe in the situation." *Id*.

In this case, the trial court had sufficient evidence to conclude that defendant was criminally negligent. The state presented evidence that defendant's pickup truck hit the Ford Focus at a speed of at least 57 miles-per-hour without braking or taking evasive maneuvers. After the accident, defendant said that he "must not have been paying attention," because he did not have enough time to stop when he saw the Focus's brake lights, even though the Focus had been braking for some time before the accident. The evidence was sufficient to allow the trier of fact to determine that defendant exhibited "gross inattention" by not noticing the other drivers stopped along on the road for many seconds before the collision, making no efforts to stop, and using his cellphone while driving (about a minute and a half before the crash). *See Lewis*, 352 Or at 635, 642-44 (holding that although "a driver's brief inattention to his driving and nothing more" would likely fall short of establishing criminal negligence, a driver's "gross inattention," will support a conviction of criminally negligent homicide).

Contrary to defendant's arguments, the trial court was not required to focus solely on the "precise" moment of impact in deciding whether defendant acted with criminal negligence. Defendant's conduct leading up to the car crash was not an "indirect or remote cause" of the accident. *State v. Van Gorder,* 56 Or App 83, 88, 641 P2d 584, *rev den*, 293 Or 146 (1982). Evidence about defendant's driving around the time of the car crash is relevant to defendant's state of mind at the time of the collision, *i.e.*, whether he was being criminally negligent when the crash occurred. *See Lewis*, 352 Or at 635 (holding that evidence of the defendant's prior driving on the highway—six miles before the accident—was admissible evidence to show the defendant's "persistent failure to pay attention to his driving and thus to his distracted and inattentive state of mind"). Thus, evidence that defendant had used his cell phone a minute-and-a-half before the crash to send photos and use an app was relevant to whether defendant was paying attention while he drove on the highway. That evidence, along with evidence that

defendant made no effort to stop in the moments leading up to the crash and stated that he "must not have been paying attention," provided sufficient evidence from which the trial court could find that defendant's conduct constituted a gross deviation from the standard of care that a reasonable person would observe in the situation.

Affirmed.