THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EDWARD LEMIEUX and NICHOLAS CAMMARANO, Defendants.

County Court, Queens County, April 28, 1941.

*Charles P. Sullivan, District Attorney [Martin Schwaeber, Assistant District Attorney, of counsel], for the plaintiff.*

*Albert Green, for the defendant Nicholas Cammarano.*

COLDEN, J. Motion by one defendant, Nicholas Cammarano, for an inspection of minutes of grand jury which indicted both defendants. The indictment accuses " the defendants of the crime of violation of section 1053-a of the Penal Law committed as follows: ' The defendants above named, acting in concert on or about October 6th, 1940, in the County of Queens, did each operate and drive an automobile in a reckless and culpably negligent manner, whereby John Heck, Jr., was killed.' "

The testimony before the grand jurors, considered in a light most favorable to the People, indicates that these defendants and the deceased were attending a social function in the early morning of October 6, 1940, at a clubhouse at or near the Ozone Park intersection of Lefferts avenue and Rockaway boulevard in Queens county. Lemieux and Cammarano each had an automobile, and after leaving the clubhouse, agreed to an automobile race on the public highway. Apparently both drove their cars at great speed, over sixty miles an hour. Cammarano outdistanced Lemieux. At Lincoln street the racing cars made a U turn and raced back along Rockaway boulevard. At about One Hundred and Fourteenth street, with Cammarano at least a block or two ahead, Lemieux observed a third car on the highway. He swerved to the left, found he was too close to the curb, swung to the right and his car turned over, projecting John Heck, Jr., out of the car, and against a bus which was just getting under way at One Hundred and Fourteenth street after loading passengers. John Heck, Jr., was killed.

Section 1053-a of the Penal Law reads: " A person who operates or drives any vehicle of any kind in a reckless or culpably negligent manner, whereby a human being is killed, is guilty of criminal negligence in the operation of a vehicle resulting in death."

The section quoted clearly limits criminal liability to the operator of the vehicle which causes the death of a human being. In the present case the record not only excludes Cammarano as the driver of the car, the operation of which resulted in Mr. Heck's death, but also affirmatively establishes that there was no physical contact at any time with Cammarano's car, and that at the time of the accident Cammarano was blocks away. The fact that Cammarano was driving his car at an excessive rate of speed does not make

him liable. There must be a direct causal relationship between the death, the car which causes the death, and the reckless and culpably negligent operation of the car by the driver of the car which caused the death. (See *People* v. *Gardner*, 255 App. Div. 683, and cases there cited.)

The indictment as to Nicholas Cammarano is dismissed. Submit order.