THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANDREW MIXON CLAY, Defendant.

County Court, Monroe County, August 22, 1962.

*Donald E. Robinson* for defendant. *John J. Conway, Jr., District Attorney,* for plaintiff.

JOHN P. LOMENZO, J. The defendant moves this court for an order granting permission to inspect the subject Grand Jury minutes upon which the indictment herein was found, and for a dismissal of the indictment.

Upon the oral argument it was stipulated between the People and the defendant's counsel that the court examine the Grand Jury minutes and after such examination determine the application herein for a dismissal of the said indictment.

The indictment herein was found on the 30th day of March, 1962, charging the defendant with the crime of criminal negligence in the operation of a vehicle resulting in death in violation of sections 2 and 1053-a of the Penal Law of the State of New York. The indictment charges the defendant as a principal with having operated and driven an automobile in a careless and culpably negligent manner whereby three individuals were killed.

The evidence submitted before the Grand Jury consisted of testimony given by passengers in the automobile operated by the defendant as well as testimony relating to a statement made by the defendant at the time the fatal accident was investigated by the police. On the 21st day of March, 1962 the defendant herein was operating his motor vehicle, in which there were four passengers, on the Eastern Expressway in the Town of Brighton, Monroe County, New York, while one Melvin White at the same time operated his automobile, in which there were three passengers, on the same highway and in the same direction.

The defendant and White, who had met at a restaurant, challenged each other to an immediate race to determine which of the automobiles was the faster. The defendant and White, at approximately 2:30 A.M., repaired to the afore-mentioned highway selected as the raceway and, by prearranged signal, commenced racing. The defendant passed White attaining speeds of over 100 miles an hour. One of the passenger witnesses testified before the Grand Jury that the defendant refused to slow down when he was asked to do so despite threats on the part of the passenger to turn off the ignition of the motor vehicle if he, the defendant, did not do so.

There came a time when the White car was out of sight of the defendant and the defendant slowed down and a short time thereafter the White car still in the race at a speed of over 100 miles an hour, passed the defendant's car, proceeded approximately 300 feet into a curve, went off the road, struck a guardrail and concrete pillars, causing the death of the three passengers in the White automobile. There was no contact at any time between the two motor vehicles.

The motion to dismiss the indictment herein is denied.

The defendant has been indicted upon sufficient evidence presented before the Grand Jury as a principal under section 2 of the Penal Law as having aided and abetted, induced and pro-

cured another to commit a violation of section 1053-a of the Penal Law.

The court is cognizant of the contrary view held in *People* v. *Lemieux* (176 Misc. 305). (Cf. *People* v. *Duncan,* 15 A D 2d 581.)