Argued September 9, reversed in part, affirmed
in part October 3, 1974

# STATE OF OREGON, *Respondent, v.* TOBY EDWARD PETERSEN, *Petitioner.*

526 P2d 1008

R. *Ryan Lawrence* of Susak and Lawrence, Portland, argued the cause and filed a brief for petitioner.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL and SLOPER, Justices.

O'CONNELL, C. J.

Defendant was charged with recklessly causing the death of another human being (manslaughter), ORS 163.125, and with leaving the scene of an accident in which his car was involved without giving his name and address and rendering assistance to the survivor, ORS 483.602, 483.991 (12). He appealed to the Court of Appeals from a judgment of conviction. The judgment was affirmed (*State v. Petersen,* 17 Or App 478, 522 P2d 912 (1974)), whereupon defendant filed a petition for review, which we granted.

The facts, which are fully set out in the Court of Appeals opinion, may be summarized as follows. Defendant and Richard Wille agreed to engage in a "drag race" on a street in Portland. Defendant had as his passenger Mike Barlow and Wille had as his passenger Daniel Warren. In the course of the race, Wille's vehicle was struck by a truck at an intersection and Warren was killed.

The Court of Appeals held that defendant's reckless conduct was both the factual and legal cause of Warren's death and fell within the purpose of the proscription in ORS 163.125. Chief Judge SCHWAB dissented, expressing the opinion that ORS 163.125 should not be interpreted to extend to those cases in

which the victim is a knowing and voluntary participant in the course of reckless conduct. We agree with the reasoning in the dissenting opinion and adopt it as the opinion of this court.

The judgment is reversed as to the conviction for the crime of manslaughter, and affirmed as to the violation of ORS 483.602.

Reversed in part; affirmed in part.