STATE of Wisconsin, Plaintiff-Appellant,

v.

Norris Lee McCLOSE, Defendant-Respondent.

Court of Appeals

No. 79–450–CR. *Submitted on briefs November 14, 1979.—Decided January 10, 1980.*

(Also reported in 289 N.W.2d 340.)

For the plaintiff-appellant, a brief was submitted by *Bronson C. La Follette,* attorney general and *Michael R. Klos,* assistant attorney general.

For the defendant-respondent, a brief was submitted by *Robert V. Baker* of Kenosha.

Before Voss, P.J., Brown and Bode, JJ.

BROWN, J.   This is an appeal from an order holding that a person who participates in an automobile race on a public road may not be criminally responsible for a resulting death to a third party when his vehicle is not the direct instrument of death. We reverse.

The defendant, Norris McClose, and his brother, George McClose, had agreed to race their automobiles south on Highway 32 in Racine county to the border of Kenosha county at the intersection of Highway 32 and Highway KR. As they approached the intersection at a high rate of speed, the defendant's brother pulled ahead in the race. Once his brother pulled ahead, the defendant reduced the speed of his vehicle. At this point, the brother's vehicle crossed the center line and collided with an oncoming vehicle driven by Jerry Langford. Both Langford and George McClose were killed. Norris McClose was charged with homicide by reckless conduct, party to a crime. The trial court dismissed the complaint.

The criminal responsibility of one racing driver for the death of a third person killed by the other participant's automobile is a matter of first impression in Wisconsin. However, the other jurisdictions that have addressed the issue find that regardless of which vehicle strikes the victim the joint conduct of the participants is what causes the death. *See State v. Melcher,* 15 Ariz. App. 157, 487 P.2d 3 (1971) ; *People v. Kemp,* 150 Cal. App.2d 654, 310 P.2d 680 (1957) ; *Jacobs v. State,* 184 So.2d 711 (Fla. Dist. Ct. App. 1966) ; *State v. Youngblut,* 257 Iowa 343, 132 N.W.2d 486 (1965) ; *Jones v. Commonwealth,* 247 S.W.2d 517 (Ky. 1952) ; *State v. Fennewald,* 339 S.W.2d

769 (Mo. 1960); *State v. Butler*, 11 Ohio St.2d 23, 227 N.E.2d 627 (1967). *See also* Annot., 95 A.L.R.2d 175, 195–96 (1964). The exceptions are twofold. If the facts of the particular case show no causal link between defendant's conduct and the death, the driver is not guilty. *See People v. Lemieux*, 176 Misc. 305, 27 N.Y.S.2d 235 (Queen's County Ct. 1941); *Commonwealth v. Root*, 403 Pa. 571, 170 A.2d 310 (1961). Additionally, if the deceased was a willing passenger in the other racing vehicle, the policy considerations are against imposing responsibility for the death on the surviving racer when his sole contribution to the death is the participation in the mutually agreed upon activity. *State v. Petersen*, 17 Or. App. 478, 522 P.2d 912 (1974), *affd in part, revd in part*, 270 Or. 166, 526 P.2d 1008 (1974); *see also Commonwealth v. Root*, 403 Pa. 571, 170 A.2d 310 (1961); Annot., 82 A.L.R.2d 452 (1962); *Thacker v. State*, 103 Ga. App. 36, 117 S.E.2d 913 (1961).

The policy behind the general rule is aptly stated in *People v. Kemp*, 150 Cal. App.2d 654, 659, 310 P.2d 680, 683 (1957). The court stated:

The evidence here strongly indicates that Kemp and Coffin were *inciting and encouraging one another* to drive at a fast and reckless rate of speed on a residence street and as they closely approached a blind intersection. It was by the merest chance that Kemp was able to avoid hitting the other car, and that Coffin was not. Only the matter of a split second and a few inches made the difference. They were both violating several laws, the acts of both led directly to and were a proximate cause of the result, and the fact that the appellant happened to narrowly escape the actual collision is not the controlling element. The evidence is sufficient to show that *they were not acting independently of each other, and that they were jointly engaged in a series of acts which led directly to the collision.* [Emphasis added.]

The policy language in *Kemp* is compatible with the policy behind our homicide by reckless conduct statute.

Sec. 940.06(2), Stats., defines reckless conduct as follows:

Reckless conduct consists of an act which creates a situation of unreasonable risk and high probability of death or great bodily harm to another and which demonstrates a conscious disregard for the safety of another and a willingness to take known chances of perpetrating an injury. It is intended that this definition embraces all of the elements of what was heretofore known as gross negligence in the criminal law of Wisconsin.

It is clear that our statute was designed to make it a felony crime for death resulting from total disregard for the safety of innocent people. When a driver places a dangerous instrumentality such as an auto on our public highways, he must take care that he does not engage in conduct which he knows is dangerous to himself and others. By taking an unreasonable risk, the driver shirks his duty to the public. By engaging in conduct which produces a high probability of death or great bodily harm to another, the driver is flirting with impending doom. Since racing on public streets creates a risk of death or great bodily injury to innocent people, it is outlawed.

Racing which causes death is a circumstance which fits within the policy of the statute. By their conduct, racing participants help to create a dangerous event. The actions of each participant are a natural reaction to the stimulus of the situation. During a race, each attempts to pass the other and forge ahead; their actions and reactions to each other are to be expected. The taking of unreasonable risks during a race is to be expected and is clearly foreseeable. The end result is that the race is an act which creates a situation of unreasonable risk and a high probability of death or great bodily harm to another. Racing participants demonstrate conscious disregard for the safety of the public and a willingness to take known chances of perpetrating an injury. The im-

prudent conduct of racing participants courting danger at the expense of the public is exactly what the homicide by reckless conduct statute was designed to punish. We adopt the rule favored by those jurisdictions which have dealt with the issue. We conclude that a person racing an automobile on a public highway may be found guilty of homicide by reckless conduct even though his automobile is not the direct instrument of death.

We believe our conclusion is supported by *Ogle v. Avina,* 33 Wis.2d 125, 146 N.W.2d 422 (1966). In that case, Ogle's wife was a passenger in an automobile which was hit head-on by a racing participant coming from the opposite direction on a highway. She was killed. The trial court found both racing participants to be causally negligent and said the negligence was a concurrent cause and so closely related that they were to contribute equally to the settlement. The supreme court affirmed holding:

In a race, the participants share equally the responsibility for damage done by any participant. . . . This shared responsibility is founded upon the mutual understanding which gives rise to the race, and the race is considered to be the basic cause of the damage and injury resulting from any act of negligence of a participant. . . .

. . .

We think when there is an understanding to reach a common destination and in doing so illegal speed is used and the cars are driven so closely together as to be practically in tandem, or to constitute a unit, that we have a situation of mutual stimulation where the negligence of each participant is so related to the negligence of the other participants that the participants should each be chargeable with the causal negligence of the other as to speed and their percentage of causal negligence should be equal. . . . *Ogle v. Avina, supra,* at 134–35, 146 N.W. 2d at 426–27.

Although *Ogle* was a civil action, it declares that one driver who speeds to a common destination with another may be chargeable with negligence even if his vehicle

is not the direct instrument of the collision and may be found equally at fault as a matter of law. Applying *Ogle* to this case, the general policy is that participation in a race may be a substantial factor in producing death as a natural result. As such, the relation of cause and effect exists between the death of the third party and the reckless conduct of both participants. *See generally* Wis J I—Criminal, Part I, 1160.

Two final points require discussion. First, the trial court's decision reasoned that a racing participant, whose auto is not directly involved in the collision, must logically be charged as an aider and abetter or as a conspirator. The trial court ruled that since racing is a forfeiture action under sec. 346.94(2), Stats., rather than a crime, and since a defendant can only be charged as a party to the forfeiture action of racing, the case must be dismissed. Although the trial court's opinion was carefully constructed, we disagree. We believe that when death results from an illegal race upon a public highway, the drivers may be direct participants in violating the criminal statute. One racer incites and encourages the other. The deceased is a victim of the unreasonable risk created by the race itself—not the carelessness of one of the drivers aided and abetted by another. We hold that when death results, each actor, regardless of which automobile causes the death, directly commits the crime of homicide by reckless conduct.

Secondly, we hold that a person whose vehicle is not a direct instrument of death may, nevertheless, have a defense to the charge of homicide by reckless conduct. If the facts adduced show that the actor whose vehicle directly caused the death committed an act of wrongful conduct independent of the race or subsequent to the race, this conduct may supersede the original reckless

conduct created by the race. Whether the action of the first actor supersedes the joint conduct of the racing participants is a jury question.

*By the Court.*—Order reversed and cause remanded.