Argued and submitted April 16, affirmed June 11, petition for review denied September 23, 1997 (326 Or 58)

## STATE OF OREGON,
*Respondent,*

*v.*

## LISA KAY RYUN,
*Appellant.*

(95C22937; CA A93771)

939 P2d 1174

Leland R. Berger argued the cause and filed the brief for appellant.

Robert B. Rocklin, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Linda A. Holmes, Certified Law Student.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Defendant appeals her conviction for assault in the third degree following a stipulated facts trial. She contends that the trial court erred in holding that criminal liability attaches under the facts of this case. We view the evidence in the light most favorable to the state to determine whether any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt, *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den* 514 US 1005, 115 S Ct 1317, 131 L Ed 2d 198 (1995); *State v. King*, 307 Or 332, 339, 768 P2d 391 (1989), and affirm.

On July 6, 1995, defendant was a passenger in a car driven by Erin Ciccio (Ciccio). They were traveling southbound in the "fast lane" of Interstate 5, following defendant's brother, Jamison Ryun (Ryun). Both defendant and Ciccio each inhaled two or three puffs of marijuana. Defendant repacked the marijuana pipe and then made a signal to Ryun to drive into the middle lane of the freeway so that Ciccio could drive parallel to him and defendant could pass him the pipe. After defendant handed Ryun the pipe, Ryun drove ahead. Approximately five minutes later, while traveling at a speed of 65-70 miles per hour, Ryun's car drifted across three lanes of traffic to the right shoulder of the freeway, changed direction, crossed three lanes to the left, went up and over the embankment of the median strip and collided with a car traveling northbound, driven by John Huckvale (Huckvale). Both Ryun and Huckvale were seriously injured. Blood and urine samples taken from Ryun revealed the presence of a major marijuana metabolite. Marijuana is a Schedule 1 controlled substance that, when smoked, can produce an intoxicating effect within a minute or two. Metabolites can be detected in urine for three days and may be detected in urine for up to 45 days. The trial court made the following inferences from the stipulated facts: defendant intentionally engaged in conduct that any reasonable person would know was dangerous; Ryun engaged in the same conduct; defendant knew that Ryun would take the marijuana pipe when she passed it to him; Ryun took the marijuana pipe for the purpose of smoking it and did smoke it; Ryun was driving under the influence of intoxicants at the time of the accident; the accident did not

occur through some intervening cause other than Ryun's intoxication; and Ryun's intoxication was the cause of the accident and the injuries to Huckvale. Based on the stipulated facts and the inferences that it drew from them, the trial court concluded that defendant was guilty of third-degree assault[1] because her overall conduct was reckless and resulted in serious physical injury to Huckvale by means of a dangerous weapon, namely, a motor vehicle.

Defendant assigns error to the trial court's conclusion that her reckless conduct was the actual and legal cause of Huckvale's injuries. She also contends that the factual inferences made by the trial court are based on insufficient evidence. With respect to the factual inferences, we conclude that, viewed in the light most favorable to the state, they are reasonable and are adequately supported by the stipulated facts. *State v. Tucker*, 315 Or 321, 325, 845 P2d 904 (1993).

We turn to defendant's argument regarding causation. She relies on *State v. Simmons*, 34 Or App 929, 580 P2d 564, *rev den* 284 Or 341 (1978), and contends that the act of passing the marijuana pipe to Ryun cannot form the actual or legal cause of the subsequent collision between Ryun and Huckvale. The precursor to *Simmons* was *State v. Petersen,* 270 Or 166, 526 P2d 1008 (1974). In *Petersen*, the defendant appealed his conviction for manslaughter arising out of his participation in a drag race between two vehicles on a residential street. The defendant was the driver of one of the vehicles, and the decedent was a willing passenger in the other. The two vehicles sped down the street, reaching estimated speeds of 60-80 miles per hour. When they approached a controlled intersection, the defendant slowed and brought his truck to a stop at the stop sign. The car in which the decedent was a passenger did not slow down, but continued through the intersection and collided with another car. We affirmed the defendant's conviction for manslaughter on the ground that his reckless conduct was the cause in fact of the

---

[1] ORS 163.165 provides, in pertinent part:

"(1) A person commits the crime of assault in the third degree if the person:

"(a) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon[.]"

decedent's death. *State v. Petersen,* 17 Or App 478, 493, 522 P2d 912 (1974). Chief Judge Schwab dissented. *Id.* at 495. The Supreme Court subsequently reversed and adopted Schwab's dissent. *Petersen,* 270 Or at 168. In his dissent, Schwab bypassed the issue of causation in fact and based his opinion on legal causation. According to Schwab, legal causation is lacking when a participant is killed during the course of a reckless activity to which that participant agreed. In *dictum*, however, he contended that coparticipants "could be prosecuted if their reckless conduct results in the death or injury of a non-participant." *Petersen,* 17 Or App at 498 (Schwab, C. J., dissenting).

Four years later, we decided *Simmons.* In that case, the defendant and the decedent stayed up all night talking and watching television. They spent most of the next day drinking beer and playing pool. In the early evening of the second day, the defendant and the decedent ate dinner, but consumed no more alcohol. Some hours later, they got into the defendant's car to drive to a relative's home. When the defendant fell asleep at the wheel, his vehicle went off the road and collided with a tree, killing the decedent. Relying on *Petersen*, the defendant argued that his conduct was not the cause of the decedent's death. In affirming the defendant's conviction, we distinguished *Petersen* on the ground that the defendant and the decedent in that case were negligent in the same way and to the same degree. We also distinguished *Petersen* on the ground that the decision by the defendant in *Simmons* to drive was a superseding cause that overcame any participation on the part of the decedent. *Simmons,* 34 Or App at 934. Although the decedent in *Simmons* participated with the defendant in drinking beer and staying awake for a long period of time, both of those activities are legal and are not inherently risky. The defendant's decision to drive, even though he felt intoxicated and tired, cut off the decedent's participation in the act that resulted in his death.

According to defendant, the facts in this case are similar to those in *Simmons.* She contends that Ryun's decision to inhale the marijuana she provided to him was a superseding cause that negates her own participation in the reckless conduct that caused injury to Huckvale. We disagree. Defendant supplied a pipe full of marijuana to Ryun while he

was driving a car. At oral argument, defendant's counsel acknowledged that when defendant gave Ryun the pipe she understood and intended that he would smoke it immediately. On these facts, defendant was a coparticipant with Ryun in the reckless conduct that caused Huckvale's injuries. We reject defendant's contention that Ryun's decision to inhale the marijuana is a superseding cause that negates her liability.

The trial court did not err in concluding that defendant's conduct was reckless and formed the actual and legal cause of the injuries suffered by Huckvale.

Affirmed.