Argued and submitted March 19, West Linn High School, West Linn, affirmed October 1, 2008, petition for review denied January 13, 2009
(345 Or 618)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERTA LILLIE,
*Defendant-Appellant.*

Douglas County Circuit Court
05CR1842FE; A133317

193 P3d 1050

Rankin Johnson IV argued the cause for appellant. With him on the brief was Law Office of Rankin Johnson IV, LLC.

Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Sercombe, Judge, and Miller, Judge pro tempore.

SERCOMBE, J.

**SERCOMBE, J.**

After a trial to the court, defendant was convicted of murder and assault in the first degree. ORS 163.115; ORS 163.185. She appeals her conviction for murder, contending that the trial court erred in admitting medical testimony that she caused the victim's death and in denying her motion for a judgment of acquittal. We affirm.

Defendant assaulted her 88-year-old mother with an oxygen tank and a wine bottle. The victim was in frail health at the time, with heart problems, diabetes, and a constant need for oxygen. Nonetheless, her medical condition before the assault was stable, and the victim led an active life for her age, visiting with neighbors, driving, and playing pinochle.

In the assault, the victim suffered serious injuries to her head and brain, sinus fractures, injuries to her arm and hand, broken bones, and severe blood loss. While in the hospital undergoing treatment, the victim developed a staphylococcus infection and pneumonia. Six weeks after the assault, while still hospitalized, she suffered a heart attack and died.

At trial, defendant sought to exclude medical testimony concerning the connection between the assault and the victim's heart attack, contending that it was a scientific question and that the state had failed to establish an adequate foundation for the admission of the evidence. The trial court overruled defendant's objection and allowed the evidence. Two physicians testified that, to a reasonable degree of medical certainty, defendant's assault of the victim directly led to the conditions that resulted in the victim's heart attack, which caused her death. Defendant filed a motion for a judgment of acquittal, contending that there was insufficient proof of causation, because the medical testimony was stated in terms of a "reasonable medical certainty" rather than proof beyond a reasonable doubt. The trial court denied the motion, concluding that there was sufficient evidence to link the assault to the victim's death and that there were no intervening causes absolving defendant of liability.

■       In her first and second assignments of error, defendant asserts that the trial court erred in admitting the testimony of doctors Young and Izenberg concerning the relationship between the assault and the victim's heart attack. Although defendant refers to the standard for the admissibility of scientific evidence under OEC 702, she does not explain how the state's foundation fell short. Rather, her argument on appeal is that, in the absence of an explanation of the meaning of "to a reasonable degree of medical certainty," the physicians' testimony was not helpful to the jury in determining whether the state had met its burden to prove causation beyond a reasonable doubt—*i.e.*, that the testimony was not relevant.

       We agree with the state that that argument was not preserved. At trial, defendant's objections focused only on the lack of "scientific connection" between the heart attack and the assault. Defendant made her current argument regarding "reasonable degree of medical certainty" only in the context of the motion for a judgment of acquittal, and not with respect to the admissibility of the medical testimony. *See State v. Amaya*, 336 Or 616, 629, 89 P3d 1163 (2004) (party must raise "discrete legal theories" to preserve them). We therefore will not address the merits of the first and second assignments of error because those claims of error were not preserved. ORAP 5.45.

       Defendant's conviction for murder under ORS 163.115 required the state to prove beyond a reasonable doubt that she caused the victim's death. ORS 163.005(1). In her third assignment of error, defendant contends that the trial court erred in failing to grant her motion for a judgment of acquittal on the ground that the state failed to establish the chain of causation between defendant's assault of the victim and the victim's death. Viewing the evidence, including all reasonable inferences that may properly be drawn, in the light most favorable to the state, *State v. Cervantes*, 319 Or 121, 125, 873 P2d 316 (1994), we conclude that the trial court did not err.

■       Defendant first argues that the medical evidence of causation, which was stated in terms of "a reasonable degree of medical certainty," was insufficient as a matter of law to

allow the jury to determine causation beyond a reasonable doubt. As the state points out, a "reasonable degree of medical certainty" is the medical standard of certainty by which a physician expresses an opinion. In contrast, "beyond a reasonable doubt" is the legal standard of proof by which a factfinder weighs the evidence and finds the facts. There is no requirement that medical opinions be expressed "beyond a reasonable doubt." It is the function of the factfinder to determine whether the evidence meets that standard or gives rise to a reasonable doubt. The fact that medical testimony was given in terms of reasonable medical certainty does not require the conclusion that the evidence was insufficient as a matter of law.[1] We conclude that, viewing the evidence in the light most favorable to the state, the jury could find the elements of the crime of murder beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994).

Defendant further contends that the trial court erred in denying her motion for a judgment of acquittal, because the state failed to prove that her conduct was the cause of the victim's death. Defendant concedes that her actions were the "legal" cause of the victim's death, in that there was no policy factor that negates defendant's responsibility as a matter of law. *State v. Baker*, 87 Or App 285, 289, 742 P2d 633, *rev den*, 304 Or 405 (1987). However, defendant points out that, in *Baker*, we explained that "cause," for purposes of criminal responsibility, encompasses both "legal cause," to be determined by the court, and "cause in fact," which is a question for the factfinder. *Id*. In defendant's view, her actions simply were not the "cause in fact" of the victim's death.

In support of her contention that her actions were not the cause in fact of the victim's death, defendant cites the definition of "cause of death" stated in ORS 146.003, a statute that defines terms relating to the State Medical Examiner's investigations of deaths. That statute defines "cause of

---

[1] Courts of other states have also rejected contentions that testimony about cause of death to a "reasonable degree of medical certainty" is insufficient as a matter of law. *See, e.g., Commonwealth v. Floyd*, 499 Pa 316, 453 A2d 326 (1982).

death" as "the primary or basic disease process or injury ending life." ORS 146.003(3). Defendant argues that that definition is context for the meaning of "causes" in ORS 163.005(1) and that the evidence does not show that the assault was the "primary" cause of the victim's death.

■　Defendant has cited what she asserts is the correct legal standard, but she has not explained how the state's evidence fell short. In any event, ORS 146.003 does not provide the definition of "causes" for purposes of ORS 163.005(1).[2] In *Baker*, we held that a defendant causes the death of a person for purposes of ORS 163.005(1) if the evidence supports a finding that the defendant inflicted an injury that directly contributed to the victim's death. *Id*. at 288-89; *see also State v. Quinn,* 112 Or App 608, 617, 831 P2d 48 (1992) ("The fact that defendant's conduct was not the immediate cause of the victim's death does not relieve him of responsibility. Defendant is responsible for the foreseeable consequences of the unlawful force that he used."); *cf. State v. Petersen*, 17 Or App 478, 489, 522 P2d 912, *rev'd on other grounds*, 270 Or 166, 526 P2d 1008 (1974) ("The test for causation in fact [for manslaughter] can be stated as follows: Was the defendant's conduct a substantial factor in bringing about the forbidden result?" (citing Wayne R. Lafave and Austin W. Scott, Jr., *Criminal Law* 248, § 35 (1972))). We view those tests of factual causation—"directly contributed," "substantial factor in bringing about," and resulting "foreseeable consequences"—as synonymous.

■　It is undisputed, as we have noted, that the immediate cause of the victim's death was a heart attack. The state presented evidence that the victim's condition was stable before defendant attacked her. Further, the evidence shows that, but for the trauma inflicted by defendant, the victim would not have suffered a serious loss of blood and the attendant circumstances that increased her metabolic rate and stressed her heart to the point that it stopped. Because there is evidence from which a reasonable factfinder could find beyond a reasonable doubt that defendant's conduct was a substantial factor in bringing about the victim's death, we

---

[2] The definitions of ORS 146.003 expressly apply to ORS 146.003 to 146.189 and ORS 146.710 to 146.992.

conclude that the state has met its burden to prove that defendant caused the victim's death.

Affirmed.